UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                       )
GREGORY JONES,                         )
                                       )
              Plainitff,               )
                                       )
     vs.                               )   C.A. No. 09-206 S
                                       )
MICHAEL J. ASTRUE, Commissioner,       )
Social Security Administration,        )
                                       )
              Defendant.               )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff brought this action to reverse a decision by the Commissioner of Social Security (the "Commissioner") denying his request for disability benefits. The Commissioner opposes Plaintiff's request, and has moved for an order affirming the Commissioner's decision. Magistrate Judge Almond issued a Report and Recommendation recommending that the Commissioner's motion be granted. (See Report and Recommendation, C.A. No. 09-206 S, Doc. No. 10, Feb. 19, 2010 (hereinafter "R&R").) Plaintiff objects to the R&R, but the Court overrules the objection. For the reasons set forth below, and those stated in the R&R, the Court accepts the R&R in full and affirms the Commissioner's decision.

In considering an objection to an R&R, the Court conducts "a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2009); see Fed. R. Civ. P. 72(b)(3); Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 33 (1st Cir. 2008).

Plaintiff objects that the R&R mistakenly approved of the reasons given by the Administrative Law Judge ("ALJ") for denying Plaintiff's claim on the Commissioner's behalf. Specifically, Plaintiff contends Judge Almond should have found the ALJ erred by giving "significant probative weight" to the opinion of a consultative physician, Dr. Amir Missaghian, regarding Plaintiff's functional capabilities. See 20 C.F.R. § 404.1520(e) (explaining that the Commissioner considers a claimant's "residual functional capacity" in assessing disability). Dr. Missaghian considered Plaintiff capable of some standing, walking, and lifting activities. This led the ALJ to find Plaintiff could perform light work, and was therefore not disabled. (See Admin. R., C.A. No. 09-206 S, at 12-14, May 29, 2009, (hereinafter "Tr.").) The flaw with Dr. Missaghian's evaluation, Plaintiff argues, was that he offered it in January 2007, almost two years before the ALJ issued his decision. Consequently, Dr. Missaghian's opinion was based on

2

incomplete information, Plaintiff asserts, because he lacked relevant medical records submitted in 2007 and 2008. The ALJ should have either retained a medical expert to testify at Plaintiff's hearing or contacted a state agency expert to perform an updated review of Plaintiff's medical file.

There are two problems with this argument. First, unlike in the case Plaintiff relies on, Alcantara v. Astrue, Plaintiff has not demonstrated the record was "significantly incomplete" at the time of Dr. Missaghian's review because there was a later "material change." Alcantara v. Astrue, 257 Fed. Appx. 333, 334, 2007 WL 4328148, at *1 (1st Cir. 2007) (per curiam) (unpublished decision) (observing that "the record repeatedly indicated that the [claimant] deteriorated"). Rather, all Plaintiff does is quote findings dated June 2007, and then pose the question, "[w]ho but someone with medical expertise can say that this is not a material change?" (Pl.'s Obj. to R&R at 2.) This turns the applicable burden in a Social Security appeal upside-down. The Court must "defer to the Commissioner's findings of fact," unless the plaintiff can demonstrate they are not "supported by substantial evidence." Ward v. Comm'r of Social Security, 211 F.3d 652, 655 (1st Cir. 2000). Plaintiff would have the Court assume the ALJ got it wrong absent an expert medical opinion to the contrary.

Under the correct standard of review, the ALJ's decision must be affirmed. The ALJ did consider the medical files from 2007 cited by Plaintiff, which related to a neck impairment, and explained why they did not confirm the severity of Plaintiff's alleged symptoms. The ALJ commented that records through September 2007, "while reflecting complaints of neck and left upper extremity pain and numbness, did not document ongoing spasm or neurological deficits." (Tr. at 10.) He also observed that the Plaintiff received "strictly conservative[]" treatment for his neck condition through 2008. (Id.) See Johnson v. Barnhart, 434 F.3d 650, 656-57 (4th Cir. 2005) (finding that a recommendation of "conservative treatment" supported a medical opinion that the claimant could perform light work). A "reasonable mind, reviewing the evidence in the record as a whole, could accept" these facts as "adequate to support" the ALJ's conclusion that later evidence supported Dr. Missaghian's findings. Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Second, Judge Almond is correct that, carried to its logical result, Plaintiffs' argument means an ALJ can never make a disability decision without commissioning a new medical opinion. (See R&R at 20.) Otherwise, the ALJ would be unequipped to assess any files added after the most recent medical opinion in the record. This proposition defies the

4

principle that there is no need for "some super-evaluator, a single physician who gives the factfinder an overview of the entire case." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987).

Indeed, accepting Plaintiff's stance on this point would efface the ALJ's authority to interpret the evidence. Plaintiff says the ALJ was not medically qualified to determine the meaning of treatment records that post-date Dr. Missaghian's evaluation. It is true that an ALJ cannot "substitute his own views for uncontroverted medical opinion." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). But that is not what happened here. The ALJ did not reject an expert's interpretation of objective medical findings in favor of his own view of what they might mean. Cf. Walker v. Barnhart, No. Civ.A. 04-11752-DPW, 2005 WL 2323169, at *18 (D. Mass. Aug. 23, 2005) ("By reaching a conclusion about Walker's expected absences that contradicted the only medical evidence directly on point, the ALJ appears to have 'substitute[d] his own views for uncontroverted medical opinion,' an analytical operation he is 'not at liberty' to undertake.") (quoting Nguyen, 172 F.3d at 35). Rather, the ALJ determined that Dr. Missaghian's opinion from 2007 was supported by medical facts documented both before and after that time. In doing so, the ALJ fulfilled his duty to "piece together the relevant medical facts." Evangelista, 826 F.2d at 144.

For these reasons, the Court DENIES Plaintiff's motion and GRANTS the Commissioner's motion.   The Commissioner's judgment is therefore affirmed.

IT IS SO ORDERED.


*/s/ William E. Smith*

William E. Smith
United States District Judge
Date:  June 2, 2010